## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4036 | **DATE** | 7/30/2008 |
| **CASE TITLE** | Grace Jo P. O'Leary vs. Little, Brown & Co. and Elin Hilderbrand | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the court denies plaintiff's application to proceed *in forma pauperis* [4]. The plaintiff shall pay the filing fee of $350.00 to the clerk of the court within 28 days or the court shall dismiss the case for want of prosecution.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, Grace Jo P. O'Leary ("O'Leary") has applied to proceed *in forma pauperis*. Her complaint alleges that a publishing company and one of its authors have infringed the copyright O'Leary holds on her book "What If." The court has reviewed the docket and determined that this is the fourth copyright claim O'Leary has filed in this district alleging infringements of "What If." She has brought copyright infringement cases involving the book "What If" against Warner Books (07C2047), Mira Books (08C0008), and St. Martin's Press (08C3129). In this case, the allegedly infringing statements include common sentences such as "I became pregnant" and comparisons of dissimilar phrases (for example, Hilderbrand's phrase "his assistant, Ashland," with O'Leary's phrase "Isn't Jennifer such a nice girl . . . . She does odd jobs for me and some others."). Such similarities do not state a claim for copyright infringement. *See Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 508-09 (7th Cir. 1994) ("In this circuit, as in most, the determination whether there is a substantial similarity is made by the 'ordinary observer' test: 'whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value.'").

Given the multiple similar lawsuits and the fact that the claims seem to allege little more than a slight coincidental overlap in common phrases and scenarios, the court concludes that the complaint is both factually and legally frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(I); *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007). Consequently, the application to proceed *in forma pauperis* is denied.

| | Courtroom Deputy Initials: | DAM/RJ |
|---|---|---|